IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DINO DELANO BOUTERSE**                                             **PETITIONER**

**V.**                                           **CAUSE NO. 3:20-CV-498-CWR-FKB**

**PAULA A. WOLFF, et al.**                                         **RESPONDENTS**

## ORDER

Petitioner Dino Delano Bouterse has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Docket No. 1 He seeks to be transferred from FCC Yazoo City, where he is presently being held in federal custody, to a comparable facility in his home country of Suriname based on concerns about the COVID-19 pandemic. Petitioner states that based upon his numerous underlying health conditions,[1] habeas relief is proper to "remedy his unavoidable and heightened exposure to COVID-19 while confined in correctional facilities in the United States . . . ." *Id*. at 4.

On September 8, 2020, respondents Paula A. Wolff and William Barr filed a motion to dismiss the petition for lack of jurisdiction.[2] Docket No. 7. They contend that the proper custodian of Bouterse is Steven Reiser, the Warden of FCC Yazoo City; accordingly, respondents argue that Reiser is the only proper respondent in this action. Bouterse opposes the motion due to the "rather unique facts" in this case. Docket No. 10. Namely, Wolff made the decision that petitioner seeks redress, and Barr promulgated the guidelines concerning the early release and transfer of prisoners during the COVID-19 pandemic. *Id.* at 2.

Respondents have the better argument. Jurisdiction over § 2241 petitions is well-settled. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). "[T]hese provisions contemplate a

---

[1] Petitioner asserts that he is in a medically vulnerable category because he suffers from high blood pressure. Petitioner further states that he suffers from Bell's Palsy.
[2] At that time, Wolff was the Associate Director of the International Prisoner Transfer Unit at the U.S. Department of Justice, and Barr was the Attorney General.

proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Id.* at 435 (citations omitted). "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'"*Id.* at 434 (quoting 28 U.S.C. § 2242). Thus, a prisoner's physical custodian, Warden Steven Reiser—not remote supervisory officials, *i.e.*, Paula A. Wolff and William Barr—is the only proper respondent.[3]

Bouterse, nevertheless, contends that the "default rule" extends to respondents Wolff and Barr because they "are directly involved in the denial of [Bouterse's] request for transfer to a facility in his home country of Suriname." Docket No. 10 at 2. However, this argument fails for two reasons. First, petitioner has cited no authority for this assertion. Second, this argument is expressly foreclosed by Supreme Court precedent. In *Padilla*, 542 U.S. 426, the Court rejected the argument that Secretary Donald Rumsfeld's "unique" and "pervasive" involvement in authorizing Padilla's detention justified naming him as the respondent. *Id.* at 440 n.13. Instead, the Court reaffirmed the proposition that "the proper respondent is the person responsible for maintaining—not authorizing—the custody of the prisoner." *Id.*

For the foregoing reasons, respondents' motion to dismiss is granted.

**SO ORDERED**, this the 7th day of April, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[3] Warden Steven Reiser is already a named respondent in this action, and thus no leave to amend is necessary.