IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DINO DELANO BOUTERSE                                                      PETITIONER

VS.                                                    CIVIL ACTION NO. 3:20-cv-498-CWR-FKB

WARDEN STEVEN REISER                                                     RESPONDENT

## REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. § 2241 brought by Dina Delano Bouterse, a federal prisoner incarcerated at FCC Yazoo City. By his petition, Bouterse seeks transfer to a correctional facility in his home country of Suriname because of concerns regarding COVID-19 outbreaks at FCI Yazoo City. The undersigned recommends that the petition be dismissed.

Bouterse, a citizen of Suriname, was convicted in 2015 in the United States District Court for the Southern District of New York of attempting to provide material support to a foreign terrorist organization, drug trafficking, and possession of a firearm in relation to a drug trafficking crime. He was sentenced to a term of 195 months.

Pursuant to the Transfer of Offenders to or from Foreign Countries Act, 18 U.S.C. § 4100 *et seq.* (the Act), the United States has the authority to transfer a prisoner to his home country to serve out the remainder of his sentence when a treaty providing for such a transfer is in force. Only the Attorney General or a designated Department of Justice official is authorized to make a decision on a transfer request. *See id.* § 4102. The United States and Suriname are parties to such a treaty, the Inter-American Convention on Serving Criminal Sentences Abroad, Jan. 10, 1995, S. Treaty Doc. No. 104-35, 1995 WL 905075. In August of 2019, Bouterse submitted a request to serve

the remainder of his sentence in a comparable prison facility in Suriname. He cited as reasons for his request the fact that his eleven young children and extended family all live in Suriname and are unable to visit him while he is incarcerated in this country. The request was denied on October 7, 2019, "because of serious law enforcement concerns and because of the seriousness of the offense." [1-2]. In June of 2020, he submitted a request for reconsideration, citing two changes in circumstances: The fact that his father, the former president of Suriname, had lost to the opposition party in the May 2020 election, and the high number of COVID-19 cases at FCC Yazoo City. As of the filing of the petition, Bouterse had received no response to his request for reconsideration.

Bouterse, through counsel, filed the present petition seeking a writ of habeas corpus ordering his transfer to a Suriname prison for the remainder of his sentence. He contends that he has a substantive due process right to transfer because he is medically vulnerable to COVID-19 because of hypertension and Bell's Palsy and that he would be safer in his home country, where, so he claims, COVID-19 infection rates are lower than in the United States.

The Fifth Circuit has stated that the "sole function" of a habeas action "is to grant relief from unlawful imprisonment or custody" and that "it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). In his petition, Bouterse states that he is challenging the conditions of his confinement and that he does not seek a reduction of his sentence or release from custody. He nevertheless argues, citing *Vazquez Barrera v. Wolf*, 455 F. Supp. 3d 330 (S.D. Tex.

2020), that his claim is properly brought pursuant to § 2241, that the line between conditions and release-from-custody cases is "a blurry one," and that the Fifth Circuit has stated in one case that its own precedent on the matter is unclear. *Id.* at 336 (citing *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017)).

Assuming *arguendo* that there are cases in which the line between a conditions claim and a habeas claim is blurry, this case is not one of the them. The rule in the Fifth Circuit, one that the court has described as a "bright-line rule," is that if a prisoner's claim would not automatically entitle him to accelerated release, it may not be brought pursuant to § 2241. *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) (citing *Carson v. Johnson*, 112 F.3d 818, 820-21 (1997)). The Fifth Circuit has said that "[s]imply stated, habeas is not available to review questions unrelated to the *cause* of detention." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (quoting *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976)). Bouterse does not seek accelerated release, and his claim raises no issues regarding the cause of his detention. Rather, this case is no different from other cases in which a prisoner seeks a transfer to another facility – a cause of action which the Fifth Circuit has held is not cognizable under § 2241. *See, e.g Moore v. King*, 2009 WL 122555 (5th Cir. Jan. 20, 2009); *Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990).

*Vazquez*, the case relied upon by Petitioner, is easily distinguishable. In *Vazquez*, two aliens in Immigration and Customs Enforcement (ICE) detention filed for habeas relief seeking immediate release because of vulnerability to COVID-19. The district court found that the action was cognizable as a habeas action and granted relief

3

for one of the petitioners.  *Id.* at 337-38, 342.  The crucial distinction between *Vazquez* and the present case is that in *Vasquez*, the petitioners were seeking an immediate release from civil detention, not merely a change in the circumstances, conditions, or location of detention.  Bouterse, on the other hand, seeks only a transfer, and were this court to grant relief, his release date would not change.  For these reasons, the undersigned concludes that Bouterse has failed to state a claim for habeas relief.

Petitioner's insistence that he is proceeding pursuant to § 2241 based upon a violation of his right to substantive due process leaves little reason for consideration of any other basis for relief.  Even so, the undersigned is convinced that there is none. Other courts considering challenges to a denial of a transfer request under the Act have concluded that the Act commits transfer decisions to the discretion of the Attorney General and that such decisions are not judicially reviewable.  *See Bagguley v. Bush*, 953 F.2d 660, 662 (D.C. Cir. 1991); *Yosef v. Killian*, 646 F. Supp. 2d 499 (E.D.N.Y. 2009).  Similarly, courts considering the issue have determined that the Act creates no individual right to transfer and that therefore prisoners have no standing to challenge the denial of a transfer request.  *See Bagguley*, 953 F.2d at 662; *Scalise v. Thornburgh*, 891 F.2d 640, 649 (7th Cir. 1989); *Rodriguez-Vasquez v. Bradley*, 2020 WL 4196869, at *2 (N.D. Ala. June 19, 2020); *Wirsz v. Sugrue*, 2010 WL 3957500 at *5 (E.D. Cal. Oct 8, 2010); *Yosef*, 646 F. Supp. 2d at 507.

For these reasons, the undersigned concludes that this court is without subject matter jurisdiction over the petition and recommends that the petition be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 17th day of December, 2021.

/s/_F. Keith Ball_____
United States Magistrate Judge